JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**B-01-040**

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Thomas Sanchez - Hernandez

**DEFENDANTS**

United States Immigration and Naturalization Service

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

United States District Court
Southern District of Texas
FILED

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAR 08 2001

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of Philip Cowen
800 E. Levee Suite 2
Brownsville, Tx 78520

ATTORNEYS (IF KNOWN) Hon. Cheri Jones
PO Box 1711
Harlingen, Tx 78520

Michael N. Milby
Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

18 USC 2241 Relief From Deportation as Detention under bond violate U.S. Law & International Law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 030801

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

United States District Court
Southern District of Texas
FILED

MAR 0 8 2001

Michael N. Milby
Clerk of Court

IN THE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

EX PARTE                                    )(
                                            )(      CAUSE NO. __B-01-040__
THOMAS SANCHEZ-HERNANDEZ      )(

PETITION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE OF THIS COURT:**

Thomas Sanchez-Hernandez, petitioner, respectfully alleges that:

I.

Petitioner was the defendant in deportation proceedings. He sought relief from

deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c).

On February 7, 2000, the Board of Immigration Appeals ultimately denied Petitioner's appeal of

his deportation order 237(a)(2)(a)(III) of the Immigration and Naturalization Act. The

Immigration Judge terminated respondent's application for 212(c) relief finding that under

section 440(d) of AEDPA, respondent was no longer eligible for relief. (Oral Decision of the

Immigration Judge, at 12.).  The Board of Immigration Appeals denied relief from deportability

because allegedly Petitioner was statutorily inelgible for such relief as an "'alien who is

deportable by reason of having committed any criminal offense covered in section

241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which

both predicate offenses are covered by section 241(a)(2)(a)(I)." Antiterrorism and Effective

Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA) Section 440(d).

PETITION FOR WRIT OF HABEAS CORPUS                    1

Matter of Soriano, Interim Decision 3289 (A.G, Feb. 21, 1997).  As such Petitioner's appeal was dismissed.  During the Pendency of the Appeal, the Board noted that the crime of driving while intoxicated, which was the underlying basis for deporting Petitioner, was determined to be a crime of violence order 101(a)(43)(F) of the Act. The Board concluded thus that Petitioner's conviction constituted a crime of violence and therefore an aggravated felony under that same section.  Because Petitioner was allegedly convicted of an aggravated felony, Petitioner was therefore ineligible for cancellation of removal as was ordered to be deported.

II.

**ARGUMENT**

1. Thomas Sanchez-Hernandez detention is illegal because his deportation is based upon the erroneous consideration of his violation of Texas Penal Code 49.09, third time offender, DWI (Driving While Intoxicated) as an aggravated felony by the Board of Immigration Appeals. The recent holding in United States v. Chapa-Garza, WL 209468 (5t Cir. (Tex.) 2001) emphatically noted that a "Crime of violence," and hence "aggravated felony," requires recklessness as regards substantial likelihood that offender will intentionally employ force against person or property of another in order to effectuate commission of offense.  18 U.S.C.A. § 16(b); Immigration and Nationality Act, § 101(a)(43)(F),  8 U.S.C.A.§ 1101(a)(43)(F);  U.S.S.G. § 2L1.2, 18 U.S.C.A. Id, Garza at 4.

In  Camacho-Marroquin v. Immigration and Naturalization Service. 188 F.3d 649 (5th Cir.1999), withdrawn  222 F.3d 1040 (5th Cir.2000), the 5th Circuit held that felony **DWI** was a crime of violence. However, the court noted that Camacho-Marroquin moved to withdraw his petition for rehearing en banc so that the Immigration and Naturalization Service could deport

PETITION FOR WRIT OF HABEAS CORPUS                2

him in lieu of incarceration. As a result, the panel withdrew its opinion.  Camacho- Marroquin

had held that felony **DWI** was a crime of violence because of the substantial risk that drunk

driving will result in an automobile accident. Id, Garza, at 6, referring to  Camacho-Marroquin,

188 F.3d at 652.

In ruling that Tex. Penal Code 49.09 was not a crime of violence, the court noted that

while the victim of a drunk driver may sustain physical injury from physical force being applied

to his body as a result of collision with the drunk driver's errant automobile, it is clear that such

force has not been intentionally "used" against the other person by the drunk driver at all, much

less in order to perpetrate any crime, including the crime of felony **DWI**. The crime of Texas

felony **DWI** is committed when the defendant, after two prior **DWI** convictions, begins operating

a vehicle while intoxicated. Intentional force against another's person or property is virtually

never employed to commit this offense. As such, the Court held that felony **DWI** is not a crime

of violence.

Because the Board of Immigration Appeals dismissal is based upon a wrongful

interpretation of DWI as an aggravated felony, and based upon the Garza holding, Petitioner

request that his deportation be stopped. WHEREFORE, Petitioner requests that his deportation

be stopped and that his cause be remanded to the Board of Immigration Appeals so that the

Board can issue its opinion consistent with the Garza holding.

2.a      Petitioner's detention is illegal because confinement and restraint without due

process and without consideration a family life violates numerous laws of the United States and

of the Law of Nations.

2. b      Specifically, Petitioner claims his Denial of eligibility for hearing violates U.S.

constitution, Treaties, and Law of Nations;  more specifically, as follows:

2.b.1. Petitioner was denied Due process guaranteed by the fifth and fourteenth amendments to the of the United States.

2.b.2. Under the law of nations, Petitioner was denied the following rights: 1. Freedom from arbitrary exile (Article 9 Universal Declaration of Rights. 2. The right to full equality in a fair and public hearing by an independent and impartial tribunal in determination of the protection or loss of rights, privileges.

2.b.3.  1. Petitioner was denied the freedom from imposition of greater infliction of penalty than originally imposed as described in   Article 10 Universal Declaration  Rights (UDR), referring to the principle of *Non bis in idem.*

2.b.4. Petitioner was denied. under the American Convention on Human Rights, Act 22 (6) and 8, protection due to aliens against the arbitrary expulsion or removal.

2.b.5  Petitioner was denied his rights to submit reasons against his expulsion and to have his case reviewed by competent authorities under Article 13 of the International Covenant on Civil and Political rights.

2.b.6 Petitioner avers that he should have been allowed a hearing which provided discretion to consider his request to have his right to family light respected. His long residency in the United States and family ties are indicative under US law and Law  Nations of his right to family life. All nations have a duty  respect family life, and that, duty is strongest where family has already been established. Had petitioner been granted a hearing he would have been eligible for a waiver from deportation due to his  long residency and strong family ties in the United States. Had the Immigration service recognized the principle of Non bis ill idem, the

determination of the court would have been limited to whether deportation would have been considered to impose a heavier penalty than the one applicable at the time of the penal offense was committed. Because deportation is clearly a heavier penalty than that applicable at the time the penal offense was committed, petitioner would not be removed solely because of his prior conviction.

**WHEREFORE, PREMISES CONSIDERED**, Thomas Sanchez-Hernandez respectfully requests this Court to grant an evidentiary hearing and, after receiving evidence, to order the Immigration and Naturalization Service to release Thomas Sanchez-Hernandez from unlawful detention as his deportation violates the ex post facto clause of the Constitution. Article I, section 9, paragraph 3. In the alternative, Petitioner requests that the Immigration and Naturalization service to grant a hearing as to whether his right to family life should be respected, and only after his right to family life is considered, issue any decision.

PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Thomas Sanchez-Hernandez prays that this Court grant this application and issue a Writ of Habeas Corpus to the Immigration and Naturalization Service directing and commanding production of Thomas Sanchez-Hernandez before this Court instanter, or at such time and place to be designated by this Court, then and there to show cause, if any there may be, why Thomas Sanchez-Hernandez should not be discharged from such illegal detention.

Respectfully submitted,

Philip T. Cowen
Law Office of Philip Cowen
500 E. Levee St.
Brownsville, Texas 78520

PETITION FOR WRIT OF HABEAS CORPUS                                             5

Tel. 956-541-1691
Fax 956-541-6872

By: _____
    Philip T. Cowen
    Federal ID _____
    Attorney for Thomas Sanchez-Hernandez
    *State Bar 24001933*

## CERTIFICATE OF SERVICE

    This is to certify that on _____, 2001, a true and correct copy of the above and

foregoing document was served on the Immigration and Naturalization Service b were served, by

certified mail, postage prepaid, upon:

| | |
|---|---|
| Hon. Cathy Appling | Hon. Cheri L. Jones |
| Attorney | Assistant United States Attorney |
| Office of Immigration Litigation | for Mervin Mosbacker |
| Civil Division | United States Attorney |
| U.S. Department of Justice | P.O. Box 1711 |
| P.O. Box 878 Ben Franklin Station | Harlingen, Texas 78551 |
| Washington, D.C. 20044 | |

By _____
    Philip T. Cowen

# AFFIDAVIT

**THE STATE OF TEXAS** §
§
**COUNTY OF CAMERON** §

BEFORE ME, the undersigned authority, on this day personally appeared TOMAS

SANCHEZ HERNANDEZ, who being by me duly sworn, upon oath deposes and says,

"I am TOMAS SANCHEZ HERNANDEZ, the Defendant in this cause; I have

read the above and it is true and correct."

_____
TOMAS SANCHEZ HERNANDEZ
Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 3rd day of March, 2001, to

certify which witness my hand and seal of office.

EMILIO CRIXELL
Notary Public
State of Texas
My Comm. Exp. 11-20-2004

_____
Notary Public, State of Texas

# ATTACHMENTS

CVisPDF - www.fastio.com

# BIA DECISION

CutePDF - www.fastio.com



**U.S. Department of Justice**

Executive Office for Immigration Review
*Board of Immigration Appeals*
*Office of the Clerk*

*P.O. Box 8530*
*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

ALVAREZ, MICAELA
845 E. 13TH ST.,
BROWNSVILLE, TX 78520-0000

Office of the District Counsel/HL
P.O. Box 1711
Harlingen, TX 78551

February 7, 2001

SANCHEZ-HERNANDEZ, TOMAS
A#: 29-576-240

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:

**FILPPU, LAURI S.**
**MATHON, LAUREN R.**
**VILLAGELIU, GUS**

RECEIVED
FEB 1 9 2001

Case 1:01-cv-00040   Document 1   Filed in TXSD on 03/08/2001   Page 12 of 41

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

============================================================================

File:   A29 576 240 - Harlingen

Date: **FEB - 7 2001**

In re: SANCHEZ-HERNANDEZ, TOMAS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Micaela Alvarez

CHARGE:

Notice:   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                 Convicted of aggravated felony

On July 8, 1999, the Immigration Judge found the respondent deportable as charged under sections 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), and ordered him removed from the United States to Mexico. The respondent subsequently filed this timely appeal. The appeal will be dismissed.

The record reflects that the respondent, a citizen of Mexico, was admitted to the United States as a visitor in 1988, and subsequently adjusted his status to that of a lawful permanent resident on October 10, 1988. (Exh. 2). On May 12, 1998, the respondent was convicted in the 197th District Court in Cameron County, Texas, of the offense of Driving While Intoxicated (2 or more priors) in violation of section 49.09 of the Texas Penal Code. For this offense, the respondent was sentenced to 10 years imprisonment. (Exh. 3, 4, 5). As a result of this conviction, the Immigration and Naturalization Service ("Service") personally served the respondent with a Notice to Appear (Form I-862) on August 27, 1998, and charged the respondent with deportability as an aggravated felony under section 237(A)(2)(A)(iii) of the Act. (Exh. 1)

In proceedings before an Immigration Judge, the respondent, through counsel, admitted the allegations contained in the Notice to Appear, but he denied deportability under section 237(a)(2)(A)(iii) of the Act (Tr. at 6). The Immigration Judge determined that the respondent's 1998 conviction for driving while intoxicated (2 or more priors) was a crime of violence, and thus, an aggravated felony. As a result, the

CutePDF - www.tasinc.com

A29 576 240

Immigration Judge concluded that the respondent was deportable as charged and ordered the respondent removed from the United States to Mexico.

On appeal, the respondent challenges his deportability under section 237(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony. The respondent requests an opportunity to apply for a waiver of inadmissibility under section 212(c) of the Act. In response, the Service requests that the Board uphold the determination of the Immigration Judge and dismiss the respondent's appeal.

During the pendency of the respondent's appeal, we have held that a conviction for the crime of driving while intoxicated under section 49.09 of the Texas Penal Code, which is a felony as a result of an enhanced punishment, is a conviction for a crime of violence and therefore an aggravated felony under section 101(a)(43)(F) of the Act. *Matter of Puente*, Interim Decision 3412 (BIA 1999). We therefore conclude that the respondent's conviction constitutes a crime of violence and therefore an aggravated felony under section 101(a)(43)(F) of the Act.

Finally, we find no merit to the respondent's claim that he is eligible for a waiver of inadmissibility pursuant to section 212(c) of the Act. In removal proceedings a waiver of inadmissibility under section 212(c) is not a form of relief that is available. *See* section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 ("IIRIRA"). Therefore, we will not address the respondent's arguments regarding section 212(c) relief. Additionally, the respondent is ineligible for cancellation of removal as he has been convicted of an aggravated felony. *See* 240A(a)(3) of the Act, 8 U.S.C. § 1229b(a)(3). Accordingly, we will dismiss the respondent's appeal.

ORDER:   The appeal is dismissed.

FOR THE BOARD

# HEARING TRANSCRIPT

CMxPDF - www.fasiso.com

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE DAVID AYALA, in the matter of:

TOMAS SANCHEZ-HERNANDEZ

A 29 576 240

Harlingen, Texas

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

*Lois Abel /pp*
_____
Lois Abel, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland  21401
(301) 261-1902

September 14, 1999
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.

any pleading by the respondent, that removability has been established by evidence that is clear and convincing. The Court finds that the respondent has been convicted of aggravated felony, to wit: a crime of violence.

The respondent had designated Mexico for removal.

The respondent has tendered to the Court an application for cancellation of removal pursuant to Section 240A(a). In order to qualify statutorily for such relief, the respondent must show that he has not been convicted of an aggravated felony. The Court in the case at bar has found that the conviction making the basis of his removal proceedings is a conviction for an aggravated felony. Thus, the Court finds that the respondent cannot show that he is statutorily eligible for the relief that he seeks. Because the Court has found that he is statutorily ineligible for the relief that he seeks, it is not necessary to go into discretionary factors on the issue.

ORDER

IT IS THE ORDER of the Court that the respondent's application for cancellation of removal be denied.

IT IS THE ORDER of the Court that the respondent be removed from the United States to his native country of Mexico.

Dated this 8th day of July 1999.


DAVID AYALA
Immigration Judge

A 29 576 240                     4                     July 8, 1999

generic elements of the offense, must be such that its commission ordinarily would present a risk that physical force would be used against the person or property of another, irrespective of whether the risk develops or harm actually occurs. This approach does not extend to considerations of the underlying facts of the conviction. Consequently, for the respondent's crime to fall within the purviews of Title 18 U.S.C. Section 16(b), it must be an offense for which the nature of the crime involves a substantial risk that physical force may be used against the person or property of another during the commission of the offense; in other words, the crime must have the potential of resulting in harm. Taking into consideration the Texas statute Chapter 49, Section 49.04 and Section 49.09(b), the Court finds that the violation of this offense is a crime of violence because a violation would have the potential of resulting in harm to person or property.

The Court has also taken into consideration the holding by the Board of Immigration Appeals in <u>Matter of Magallanes</u>, Int. Dec. 3341 (BIA 1998), wherein the Board found that a violation of the Arizona statute for driving while intoxicated was an aggravated felony because the violation of the statute was a crime of violence. Although the respondent argues otherwise as stated in his brief, the Court is not convinced.

The Court finds that in the evidence presented by the Government, without the necessity of taking into consideration

A 29 576 240                        3                  July 8, 1999

Exhibit 2 establishes the identity of the respondent in that he was admitted into the United States as a visitor and subsequently adjusted his status pursuant to Section 245 of the Immigration and Nationality Act.

Exhibits 3 and 4 establish that the respondent was indicted and subsequently convicted on May 12, 1998, in the 107th Judicial District Court of Cameron County, for the felony offense of driving a motor vehicle while intoxicated with other prior convictions in violation of the Texas Penal Code. Reviewing Exhibit No. 4, it shows that the respondent was sentenced to ten years imprisonment. The sentence was suspended. Separate and apart from any admissions the respondent may have made, the Court finds that all of the allegations of fact stated in the Notice to Appear have been established by the Immigration and Naturalization Service by and through Exhibits 2, 3, and 4.

The Court finds in reviewing the aforementioned exhibits, and Exhibit No. 5 which is the law for driving while intoxicated in the State of Texas, that the respondent has been convicted of an aggravated felony and that the conviction is for a crime of violence in reviewing the Texas statute.

In determining whether a particular offense is a crime of violence under the definition in Title 18 U.S.C. Section 16, the Board of Immigration Appeals has held that either the elements of the offense must be such that physical force is an element of the crime or that the nature of the crime, as evidenced by the

A 29 576 240                    2                    July 8, 1999

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Harlingen, Texas

File No.:  A 29 576 240                     July 8, 1999

In the Matter of            )
                            )
TOMAS SANCHEZ-HERNANDEZ     )    IN REMOVAL PROCEEDINGS
                            )
            Respondent      )

CHARGE:        Section 237(a)(2)(A)(iii), Immigration and
               Nationality Act – convicted of an aggravated
               felony, to wit: crime of violence.

APPLICATIONS:  Section 240A, Immigration and Nationality Act –
               cancellation of removal.


ON BEHALF OF RESPONDENT:         ON BEHALF OF SERVICE:

Margarita Moreno                 Cheri L. Jones, Attorney
South Texas Immigration Counsel  Immigration and Naturalization
107 North Third Street             Service
Harlingen, Texas 78550           P.O. Box 1711
                                 Harlingen, Texas 78551

### ORAL DECISION OF THE IMMIGRATION JUDGE

Removal proceedings were commenced against the respondent

with the issuance of a Notice to Appear dated August 18, 1998.

See Exhibit No. 1.  Assisted by counsel, the respondent admitted

the factual allegations therein but denied that he is subject to

being removed from the United States for having been convicted of

an aggravated felony as defined in Section 101(a)(43)(F) of the

Immigration and Nationality Act, to wit: a crime of violence.

The Immigration and Naturalization Service has offered to

the Court, and without objections, was received into evidence,

Exhibits 2, 3, 4, and 5.

1

1    JUDGE TO MS. JONES

2        Counsel for the Government, do you have any questions?

3    MS. JONES TO JUDGE

4        No, Your Honor.

5    JUDGE FOR THE RECORD

6        Nothing further.  We are adjourned.

7                         HEARING CLOSED

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25


A 29 576 240              15                    July 8, 1999

1    convicted of an aggravated felony.  The Court has also found that

2    you are subject to being removed from the United States because

3    you have been convicted of an aggravated felony and the Court has

4    ordered you removed from the United States.  Your counsel has

5    indicated to the Court that you wish to reserve the right to

6    appeal.  The appeal must be filed within 30 days directly to the

7    Board of Immigration Appeals because if you don't then the

8    decision of this Court becomes administratively final.  Do you

9    understand that?

10       A.   Yes.

11       Q.   If there ever comes a time where the Immigration

12   Service calls upon you to appear for removal you must do so

13   because if you willfully fail or refuse to present yourself for

14   removal at the time and a place ordered by the Attorney General

15   you shall be subject to a fine or imprisonment of not more than

16   ten years or both.  If you willfully fail or refuse to present

17   yourself for removal at the time and the place required by the

18   attorney general you shall be subject to a civil penalty of not

19   more than $500 for each day you fail to present yourself for

20   removal.  Do you understand that?

21       A.   Yes.

22   JUDGE TO MS. MORENO

23       Counsel for the respondent, do you have any questions?

24   MS. MORENO TO JUDGE

25       No, Your Honor.

A 29 576 240                    14                    July 8, 1999

1  decision you may accept the decision but if you do you will not

2  be able to change your mind at a later date.  What do you wish to

3  do?

4  MS. MORENO TO JUDGE

5      Your Honor, with all due respect we reserve appeal.

6  JUDGE TO MS. MORENO

7      You having reserved the right to appeal the appeal must be

8  filed directly to the Board of Immigration Appeals, and it must

9  be received by the Board no later than August the 9th of 1999.

10  If it is not received by that date then the decision of this

11  Court becomes administratively final.  If the respondent does not

12  have the funds necessary to pay the appeal fees, the respondent

13  can submit a pauper's affidavit to that effect.  Do you

14  understand that?

15  MS. MORENO TO JUDGE

16      Yes, Your Honor.  I do.

17  JUDGE TO MS. JONES

18      What does the Government wish to do?

19  MS. JONES TO JUDGE

20      The Government waives appeal, Your Honor.

21  JUDGE TO MS. JONES

22      Okay.

23  JUDGE TO MR. SANCHEZ-HERNANDEZ

24      Q.   The Court has denied your application for cancellation

25  of removal because the Court has found that you have been

A 29 576 240                    13                    July 8, 1999

1   cancellation of removal along with a pauper's affidavit saying

2   that he cannot afford to pay the money.  That will be made part

3   of the record and admitted into evidence.  Anything else,

4   counsel, that you wish the Court to consider?

5   MS. MORENO TO JUDGE

6       Not at this time, Your Honor.

7   JUDGE TO MS. JONES

8       Anything else from the Government?

9   MS. JONES TO JUDGE

10      No, Your Honor.

11  JUDGE TO MS. JONES

12      Okay.

13  JUDGE TO MS. MORENO

14      The Court has taken into consideration your legal argument,

15  Ms. Moreno, in the brief that you submitted, stating the

16  respondent's position with reference to driving while

17  intoxicated, that this is not a crime of violence therefore not

18  an aggravated felony.

19                    <u>JUDGE RENDERS ORAL DECISION</u>

20  JUDGE TO MS. MORENO

21      Counsel for the respondent, you have heard the decision of

22  the Court.  If you feel the Court made an error, in the

23  assessment of the facts or in the conclusions of law, you have

24  the right to appeal the decision to the Board of Immigration

25  Appeals.  In the alternative, if you are satisfied with the

A 29 576 240                      12                    July 8, 1999

1     I apologize.

2  JUDGE FOR THE RECORD

3     Exhibit No. 2 is the I-181.  Exhibit No. 4 is the judgment

4  of conviction, sentence suspended and placed on community

5  supervision, out of the 357th Judicial District Court.  The

6  sentence was suspended for 2 to 10 years, showing that he was

7  convicted of a third degree felony with two or more prior DWIs.

8  JUDGE TO MS. MORENO

9     Do you have any objection to the Court considering Exhibit

10  No. 4?

11  MS. MORENO TO JUDGE

12     No, Your Honor.

13  JUDGE FOR THE RECORD

14     Exhibit No. 4 is admitted into evidence.

15  JUDGE TO MS. MORENO

16     Exhibit No. 5, counsel, is the Texas law on driving while

17  intoxicated.  Section 49, specifically Section 49.04 and 49.09

18  with a little b.  Do you have any objection to the Court

19  considering Exhibit No. 5?

20  MS. MORENO TO JUDGE

21     No, Your Honor.  I don't.

22  JUDGE FOR THE RECORD

23     Exhibit No. 5 is admitted into evidence.

24  JUDGE TO MS. MORENO

25     Exhibit No. 6 is the respondent's application for

A 29 576 240          11          July 8, 1999

1    Yes, Your Honor.  Mexico.

2    JUDGE TO MS. MORENO

3    Mexico?  Okay.  The record also reflects what had been

4    marked as Exhibit No. 2, which is the I-181.  So an identity of

5    the respondent and the date that he was adjusted from a non-

6    immigrant B-2 to a lawful permanent resident.  Do you have any

7    objections to the Court considering that document?

8    MS. MORENO TO JUDGE

9    No, Your Honor.

10   JUDGE FOR THE RECORD

11   So No. 2 is admitted into evidence.

12   JUDGE TO MS. MORENO

13   Exhibit No. 3, Ms. Moreno, is an indictment issued out of

14   the 197th Judicial District in the State of Texas in Cameron

15   County against the respondent.  Do you have any objections to

16   Exhibit No. 2?

17   MS. MORENO TO JUDGE

18   No, Your Honor.

19   JUDGE FOR THE RECORD

20   Exhibit No. 2 is admitted into evidence.

21   JUDGE TO MS. MORENO

22   Exhibit No. 3.  I'm sorry.  The indictment is Exhibit No. 3.

23   MS. MORENO TO JUDGE

24   Right.

25   JUDGE TO MS. MORENO

A 29 576 240                    10                    July 8, 1999

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

DISTRICT OF _____

Thomas Sanchez-Hernandez

             V.

United States Immigration
and Naturalization Service

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-01-040

TO: (Name and Address of Defendant)

Hon Cathy Appling
Office of Immigration Litigation
Civil Division
PoBox 878 Ben Franklyn Station
Washington, DC. 20044

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Philip Cowen
Law Office of Philip Cowen
500 E. Levee
Brownsville, TX 78520

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

3/8/01

DATE

Juanita Tabares

BY DEPUTY CLERK

1   JUDGE FOR THE RECORD

2       This is Immigration Judge David Ayala conducting a

3   continuation of a removal proceeding in Harlingen, Texas.

4   Today's date is July the 8th, 1999.  Before the Court is the

5   respondent Tomas Sanchez-Hernandez, file number 29 576 240,

6   represented by counsel Ms. Margarita Moreno.  The Government is

7   represented by its attorney, Ms. Cheri Jones.  The official

8   interpreter of the Court in the Spanish language is Ms. Josie

9   Cavazos.

10  JUDGE TO MR. SANCHEZ-HERNANDEZ

11      Q.    State your name for the record.

12      A.    Tomas Sanchez-Hernandez.

13      Q.    Seated next to you is Ms. Moreno.  Do you wish for her

14  to continue representing you in this proceeding?

15      A.    Yes.

16  JUDGE TO MS. MORENO

17      Ms. Moreno, the record reflects that the Notice to Appear,

18  dated August the 18th, 1998, was marked as Exhibit No. 1 on

19  January the 13th, 1999.  The respondent was given time to prepare

20  with counsel.  The case was then rescheduled to March the 9th,

21  1999.  Assisted by counsel the respondent admitted the factual

22  allegations in the charging document, denied that he is subject

23  to being removed from the United States.  Does he designate a

24  country for removal?

25  MS. MORENO TO JUDGE

A 29 576 240                    9                    July 8, 1999

# U.S. Department of Justice
## Executive Office for Immigration Review
### United States Immigration Court

Matter of                                          File A 29 576 240

|                        |   |                        |
|------------------------|---|------------------------|
|                        | ) |                        |
|                        | ) |                        |
| TOMAS SANCHEZ-HERNANDEZ | ) | In REMOVAL Proceedings |
|                        | ) |                        |
|                        | ) |                        |
| Respondent             | ) | Transcript of Hearing  |

Before DAVID AYALA, Immigration Judge

Date:  July 8, 1999                    Place:  Harlingen, Texas

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:  Josefina Cavazos

Language:  Spanish

Appearances:

    For the Immigration and
    Naturalization Service:      For the Respondent:

    Cheri L. Jones             Margarita Moreno

1    Nothing further.  We are adjourned.

2                    HEARING ADJOURNED

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 29 576 240                    8                    March 9, 1999

1   Court on that date.

2   JUDGE TO MR. CRAIG

3       Likewise the Government, whatever (indiscernible) have you

4   can present to the Court on that date.

5   JUDGE TO MR. SANCHEZ-HERNANDEZ

6       Q.   If you fail to appear the Court will go ahead in your

7   absence and enter an order of removal against you.  Failure to

8   appear for this hearing, other than because of exceptional

9   circumstances beyond your control, will result in your being

10  found ineligible for certain forms of relief under the

11  Immigration and Nationality Act for a period of ten years from

12  the date of entry of the final order of removal, and you would

13  not be eligible for voluntary departure, cancellation of removal,

14  adjustment of status or change of status, under the Immigration

15  and Nationality Act.  Do you understand, sir?

16      A.   Yes.

17  JUDGE TO MS. MORENO

18      Counsel, do you have any questions?

19  MS. MORENO TO JUDGE

20      No, Your Honor.

21  JUDGE TO MR. CRAIG

22      Counsel for the Government?

23  MR. CRAIG TO JUDGE

24      Nothing further.

25  JUDGE FOR THE RECORD

A 29 576 240                    7                    March 9, 1999

1  MS. MORENO TO JUDGE

2      The respondent will admit as true and correct allegations 1,

3  2, 3, 4, 5, and 6, but will deny, Your Honor, removability as

4  charged.

5  JUDGE TO MS. MORENO

6      Okay.

7  JUDGE TO MR. CRAIG

8      Counsel for the Government, do you have any evidence you

9  wish to present?

10  MR. CRAIG TO JUDGE

11      Your Honor, not at this time.

12  JUDGE TO MR. CRAIG

13      Okay.

14  JUDGE FOR THE RECORD

15      I will reschedule the case to April the 22nd, 1999, at 10:30

16  in the morning so the Court can conclude the case and issue a

17  decision.  Any further evidence that you wish to present you are

18  to present it on that date because it will be a hearing on the

19  merits, and for the purpose of receiving anything from the

20  parties so that the Court can issue a decision.

21  JUDGE TO MR. SANCHEZ-HERNANDEZ

22      Q.   Your case will be rescheduled to April 22nd, 1999, at

23  10:30 in the morning in this court room.  You must appear for a

24  hearing on that date so we can conclude the case before the

25  Court.  Any evidence that you may have you can present it to the

A 29 576 240                    6                    March 9, 1999

1  JUDGE FOR THE RECORD

2      This is Immigration Judge David Ayala conducting a

3  continuation of a removal proceeding in Harlingen, Texas.

4  Today's date is March the 9th, 1999.  Before the Court is the

5  respondent Tomas Sanchez-Hernandez, file number 29 576 240.

6  Respondent is represented by Ms. Margarita Moreno.  The

7  Government is represented by its counsel, Mr. William Douglas

8  Craig.  The official interpreter of the Court in the Spanish

9  language is Gloria Galvan.

10  JUDGE TO MR. SANCHEZ-HERNANDEZ

11      Q.  State your name for the record.

12      A.  Tomas Sanchez-Hernandez.

13      Q.  Seated next to you is Ms. Margarita Moreno.  Do you

14  wish for her to represent you during the course of this

15  proceeding?

16      A.  Yes.

17  JUDGE TO MS. MORENO

18      Ms. Moreno, the respondent appeared before the Court on

19  January the 13th, 1999.  You requested a continuance.  At least

20  (indiscernible) requested a continuance.  The case was

21  rescheduled until today.  Are you ready to proceed?

22  MS. MORENO TO JUDGE

23      Yes, Your Honor.  I'm ready to proceed.

24  JUDGE TO MS. MORENO

25      How do you plea allegations 1 through 6?

A 29 576 240                    5              March 9, 1999

# U.S. Department of Justice
## Executive Office for Immigration Review
### United States Immigration Court

Matter of                                    File A 29 576 240


)
)
TOMAS SANCHEZ-HERNANDEZ           )   In REMOVAL Proceedings
)
)
Respondent       )       Transcript of Hearing


Before DAVID AYALA, Immigration Judge


Date:  March 9, 1999            Place:  Harlingen, Texas


Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland


Official Interpreter:  Gloria Galvan

Language:  Spanish


Appearances:

        For the Immigration and
        Naturalization Service:     For the Respondent:

        William Douglas Craig       Margarita Moreno

1    A.   Yes.

2    Q.   You would not be eligible for voluntary departure,

3  cancellation of removal, adjustment of status or change of

4  status, provided for under the Immigration and Nationality Act.

5  JUDGE TO MS. MORENO

6    Do you have any questions Ms. Moreno?

7  MS. MORENO TO JUDGE

8    No, Your Honor.

9  JUDGE TO MR. CRAIG

10    Counsel for the Government?

11  MR. CRAIG TO JUDGE

12    Nothing further.

13  JUDGE FOR THE RECORD

14    Nothing further.  We are adjourned.

15                HEARING ADJOURNED

16

17

18

19

20

21

22

23

24

25

A 29 576 240             4            January 13, 1999

1     Yes I do, Your Honor.

2   JUDGE TO MS. MORENO

3     Okay.  Are you ready to proceed or do you need time to

4   prepare?

5   MS. MORENO TO JUDGE

6     I need time to prepare, Your Honor.

7   JUDGE TO MS. MORENO

8     Okay.  How much time do you need?

9   MS. MORENO TO JUDGE

10    At least two months, Your Honor.

11  JUDGE TO MS. MORENO

12    We've got a March 9th, at 2:00.  Is that sufficient time?

13  MS. MORENO TO JUDGE

14    Yes, Your Honor.  That's fine.

15  JUDGE TO MR. SANCHEZ-HERNANDEZ

16    Q.  At the request of your counsel your case will be

17  rescheduled to March 9th, 1999, at 2:00 in the afternoon in this

18  court room.  You are expected to appear for a hearing on that

19  date.  If you don't this Court can go forward in your absence and

20  enter an order of removal against you.  Failure to appear for

21  this hearing, other than for some exceptional circumstances

22  beyond your control, would result in your being found ineligible

23  for certain forms of relief under the Immigration and Nationality

24  Act for a period of ten years from the date of entry of the final

25  order of removal.  Do you understand, sir?

A 29 576 240                    3              January 13, 1999

1    JUDGE TO MS. MORENO

2        Does your client understand the nature and the purpose of

3    the proceeding?

4    MS. MORENO TO JUDGE

5        Yes, Your Honor.  He does.

6    JUDGE TO MS. MORENO

7        Do you waive further explanation?

8    MS. MORENO TO JUDGE

9        Yes I do, Your Honor.

10   JUDGE TO MS. MORENO

11       Does your client understand the allegations that have been

12   made against him in the Notice to Appear?

13   MS. MORENO TO JUDGE

14       Yes, Your Honor.  He does.

15   JUDGE TO MS. MORENO

16       Do you waive a reading of the charging document?

17   MS. MORENO TO JUDGE

18       Yes I do, Your Honor.

19   JUDGE TO MS. MORENO

20       Does your client understand his rights in this proceeding?

21   MS. MORENO TO JUDGE

22       Yes he does, Your Honor.

23   JUDGE TO MS. MORENO

24       Do you waive further explanation by the Court?

25   MS. MORENO TO JUDGE

A 29 576 240                    2              January 13, 1999

1   JUDGE FOR THE RECORD

2       This is Immigration Judge David Ayala conducting a removal

3   proceeding in Harlingen, Texas.  Today's date is January the

4   13th, 1999.  Before the Court is the respondent Tomas Sanchez-

5   Hernandez, file number 29 576 240.  Respondent is represented by

6   Ms. Margarita Moreno.  The Government is represented by its

7   attorney, Mr. William Douglas Craig.  Official interpreter of the

8   Court in the Spanish language is Ms. Yolanda Martinez.

9   JUDGE TO MR. SANCHEZ-HERNANDEZ

10      Q.   State your name for the record.

11      A.   Tomas Sanchez.

12      Q.   What language do you speak and understand for the

13  purpose of the hearing?

14      A.   Spanish.

15      Q.   Seated next to you is Ms. Margarita Moreno.  Do you

16  wish for her to represent you in this proceeding?

17      A.   Yes.

18  JUDGE TO MS. MORENO

19      Ms. Moreno, the Notice to Appear is dated August the 18th,

20  1998.  It shows it was served upon the respondent by personal

21  service.  That will be marked as Exhibit No. 1.  Notice of

22  today's hearing was sent to you.  Do you acknowledge receipt of

23  the Notice to Appear?

24  MS. MORENO TO JUDGE

25      Yes, Your Honor.  I do.

# U.S. Department of Justice
## Executive Office for Immigration Review
### United States Immigration Court

Matter of                                     File A 29 576 240

|  |  |
|---|---|
| TOMAS SANCHEZ-HERNANDEZ | In REMOVAL Proceedings |
| Respondent | Transcript of Hearing |

Before DAVID AYALA, Immigration Judge

Date:  January 13, 1999          Place:  Harlingen, Texas

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:  Yolanda Martinez

Language:  Spanish

Appearances:

For the Immigration and
Naturalization Service:          For the Respondent:

William Douglas Craig            Margarita Moreno

AUG 26

CVISPDF - www.free.texto.com

# PETITIONER'S BRIEF

CibiPDF - www.fastio.com

B R I E F

IN RE:   TOMAS SANCHEZ HERNANDEZ
         A29 576 240

That applicant became a legal permanent resident on October 10, 1988.

That the wife of said applicant is an American citizen.

That the daughter of said applicant is an American citizen attending
college.

That the deportation of said applicant would constitue extreme hard-
ship to him and particularly to his imediate family.

That the denial of eligibility for a hearing violates the U. S. Cons-
titution, Treaties and law of nations.

501 Section 440D of the Act prohibits application of Section 212 C of
the act to permit petitioner a waiver from removal.  Petitioner was denied
his due process protections under the constitution of the United States,
United States Treaties, and under the law of Nations, more specifically:

a.  Due process guaranteed by the fifth and fourteenth amendments to
to the Constitution of the United States, and

b.  Under the law of Nations, the following rights:

1. Freedom from arbitrary exile (Article 9 Universal Declaration
   if rights).

2. The right to full equality in a fair and public hearing by an
   independent and impartial tribunal in determination of the
   protection or loss of rights, privileges.

(non bis in idem, Article 10 UDR.

Under the the American Convention of Human Rights, Act 22 (6) and 8,

protection due to aliens against the arbitrary expulsion or removal,

and (5) his right to submit reasons against his expulsion and to have

his case reviewed by competent authorities under Article 13 of the

International Covenant on Civil and Political rights.

502. Petitioner should be allowed a hearing.  His long residency in the

    United States and family ties are indicative under US law and Law

    of Nations of his right to family life.  All nations have a duty

    to respect family life, and that duty is strongest where family

    life has already been established.

503. Had petitioner been granted a hearing he would haveen eligible for a

    waiver to long residency and strong family ties in the United States.

504. Had the immigration service regocnized the principle of Non bis in

    idem, the determination of the court would have been limited to

    whether removal would have been considered to impose a heavier pe-

    nalty than the one applicable at the time of the penal offense was

    committed because removal is clearly a heavier penalty than that ap-

    plicable at the time the penal offense was committed, petitioner

    would not be removed solely because of his prior conviction.

cyrp.m505. That the immigration service should apply the principle of prohibi-

    tion against ex post faeto and bills of attainder as the act is un-

    constitutional and should be set aside.

                              Respectfully submitted

                              Emilio Crixell

                              Attorney for Petitioner

## CERTIFICATE OF SERVICE

I certify that on the 4th day of June, 2000, I mailed by first class
mail a true and correct copy of this brief to the Trial Attorney,
at PO Box  1711, Harlingen, Texas 78550.
US Imm.