Case 1:01-cv-00040   Document 2   Filed in TXSD on 05/07/2001   Page 1 of 31



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 7 2001

Michael N. Milby
Clerk of Court

EX PARTE                   )

                              )     Civil Action No. B-01-040

TOMAS SANCHEZ-HERNANDEZ    )

_____)

## RESPONDENTS' MOTION TO DISMISS
## PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, Respondents, by and through Mervyn M. Mosbacker, United States

Attorney for the Southern District of Texas, and hereby files this Motion to Dismiss this case for

lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### STATEMENT OF FACTS

Petitioner, Tomas Sanchez-Hernandez ("Sanchez") is a male, native and citizen of

Mexico, who became a legal permanent resident of the United States on October 19, 1988.

Government Exhibit A . He was convicted on May 12, 1998, in the 357th District Court of

Cameron County, Texas, of Driving While Intoxicated (two or more priors).  The imposition of

the ten-year prison sentence was suspended and Sanchez was placed on ten years probation.

Government Exhibit B.  Based upon his conviction, removal proceedings were initiated against

Sanchez.

1

CMPDF - www.fxsio.com

A Notice to Appear was issued on August 18, 1998, charging Sanchez as removable pursuant to 8 U.S.C. §1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, to wit: a crime of violence.  Government Exhibit _C_.

By order dated July 8, 1999, the immigration judge ("IJ") ordered Sanchez removed from the United States.  Government Exhibit _D_.  The IJ found Sanchez subject to removal and, having been ineligible for relief, ordered him removed to Mexico.  Government Exhibit _E_. Sanchez appealed that decision to the Board of Immigration Appeals ("Board").  On February 7, 2001, the Board affirmed the IJ's decision.  Government Exhibit _F_.   Thereafter, Sanchez filed a Petition for Habeas Corpus with this Court.

## ARGUMENT

### THIS COURT DOES NOT HAVE JURISDICTION OVER THIS PETITION FOR WRIT OF HABEAS CORPUS

The issue of whether or not a particular offense is an aggravated felony can and should be raised by filing a petition for review in the appropriate Circuit Court of Appeals.  In this case, the issue of whether a felony Driving While Intoxicated conviction in Texas is a crime of violence and, thus, an aggravated felony, should have been raised in a petition for review filed with the Fifth Circuit Court of Appeals, not a petition for writ of habeas corpus in District Court.

On February 24, 2000, the Fifth Circuit issued its decision in Max George v. Reno, 205 F.3d 194 (5th Cir. 2000) which, addresses the very jurisdictional issue as the instant case.  For the first time, the Fifth Circuit examined the "permanent" jurisdiction-stripping provisions enacted by

2

Congress under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996) ("IIRIRA").   Unlike the "transitional" rules of IIRIRA, the jurisdiction-stripping provisions of IIRIRA's "permanent" rules are far more explicit because they "all begin with ... more preclusive language: [n]otwithstanding any other provision of law, no court shall have jurisdiction." Max-George, at 197, citing Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 305-06 (5th Cir. 1999).

"We hold that IIRIRA eliminates §2241 jurisdiction for aliens like Max-George [and Petitioner].  The clear language of IIRIRA's permanent rules force an alien to raise all potential issues regarding his deportation at one place and time:  **a petition for review filed in the court of appeals**." Max-George at 198 (emphasis added).    What the Supreme Court has called the "unmistakable zipper clause" in Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, ____, 119 S.Ct. 936, 943 (1999), IIRIRA provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from an action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this subsection.

8 U.S.C. §1252(b)(9).  Therefore, "every question involving the removal of an alien from the United States, whether of law or factual application, statutory or constitutional interpretation, is to be consolidated in **a petition for review** available only as defined by other provisions within §1252." Max-George, at 198 (emphasis added); see American Arab, 525 U.S. at ___, 119 S.Ct. at 943 ("[I]t is a sort of 'zipper clause' that says 'no judicial review in deportation cases unless this section provides judicial review.'"); see also Requena-Rodriguez, 190 F.3d at 305-06.

3

The applicable provision to this case is 8 U.S.C. §1252(a)(2)(C). That provision explicitly withdraws all jurisdiction of final orders removing certain aliens from the United States.

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 212(a)(2) [8 U.S.C. §1182] or 237(a)(2)(A)(iii) [aggravated felony], (B) [controlled substance], (C) [certain firearm offenses], or (D) [miscellaneous crimes] [8 U.S.C. §1227(a)(2)(A)(iii), (B), (C), or (D)], or any offense covered by section 237(a)(2)(A)(ii) [crimes involving moral turpitude] [8 U.S.C. §1227(a)(2)(A)(ii)] for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 237(a)(2)(A)(i) [8 U.S.C. §1227(a)(2)(A)(i)].

8 U.S.C. §1252(a)(2)(C). The Petitioner is removable for having been convicted of an aggravated felony. This jurisdiction-limiting language "clearly precludes habeas jurisdiction under 28 U.S.C. §2241, which is merely an 'other provision of law' which gives federal judges the power to grant writs of habeas corpus." Max-George, at 198-199; see Ex Parte Bollman, 8 U.S. (4 Cranch) 75, 94-95, 2 L.Ed. 554 (1807) ("[T]he power to award the writ by any of the courts of the United States, must be given by written law."); Felker, 518 U.S. at 664, 116 S.Ct. at 2340.

Accordingly, the Fifth Circuit found "that IIRIRA's permanent provisions eliminate §2241 habeas corpus jurisdiction for those cases that fall within §1252(a)(2)(C)." Max-George, at 199. The Fifth Circuit went on to say that this interpretation does not completely foreclose judicial review, an issue of particular concern to the Petitioner. "While IIRIRA has eliminated federal court jurisdiction in these particular immigration cases, it leaves open some judicial consideration, **in petitions for review**, of appeals from BIA decisions." Max-George, at 199 (emphasis added).

Sanchez did not file a petition for review of the Board's decision with the Fifth Circuit. The appropriate place for a determination of the issues at hand is before the Fifth Circuit by a petition for review, not before the District Court under a habeas corpus petition.

4

For the reasons stated above, this Court should dismiss this petition for writ of habeas corpus for lack of jurisdiction.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

MERVYN M. MOSBACKER
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney/Attorney in Charge
Georgia Bar No. 590315/Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051/Fax: (956) 389-7057

Date:  May __7__, 2001

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel at the following address, by depositing a copy of it in the United States mail, first class postage prepaid, to:

Phillip T. Cowan, Esquire
Law Office of Phillip Cowan
500 E. Levee St.
Brownsville, TX  78520

on this the ___7ᵗʰ___ day of_____May_____, 2001.

Lisa M. Putnam
Special Assistant U.S. Attorney



**U.S. DEPARTMENT OF JUSTICE**
Immigration and Naturalization Service

**Memorandum of Creation of Record
of Lawful Permanent Residence**

| | |
|---|---|
| Place | HLG |
| File No. | A29 576 240 |

NA

**Status as a lawful permanent resident of the United States is accorded:**

| Name In Care Of Street Address Apt. No. City, State, Zip | Tomas SANCHEZ-Hernandez 6010 Travis Road Brownsville, Texas  78520 | Sex 1☒ Male 2☐ Female | Date of Birth (Month/Day/Year) 09/22/54 |
|---|---|---|---|
| | | City of Birth Matamoros | Country of Birth Mexico |
| | | Country of Nationality Mexico | Country of Last Residence Mexico |

| Marital Status 1☐ Single  2☒ Married 0☐ Widowed  4☐ Divorced  5☐ Separated | Occupation LAB | N/I Class at time of Adj. B-2 | Year Adm. to U.S. or Year of Change to Present NI Class (whichever most recent) 88 |
|---|---|---|---|
| Priority Date (Month/Day/Year) NA | Preference (If any) NA | Country to Which Chargeable (If any) NA | |
| Section 212 (a) (14) Labor Certification  1☐ Applicable-Submitted  3☒ Not Applicable | | Mother's First Name Irene | Father's First Name FRancisco |
| Last NIV Issued at (U.S. Consulate Post) NA | Date of Issuance of Last NIV NA | Number of Last NIV NA | Classification of Last NIV NA |

**Under the following provision of law**

☐ Public Law 95-412
☐ Public Law 96-212
☐ Private Law No. _____
   of the ____ Congress ____ Session

☐ Sec. 209 (a) of the I & N Act
☐ Sec. 209 (b) of the I & N Act
☐ Sec. 244 ( ) ( ) of the I & N Act
☒ Sec. 245 of the I & N Act

☐ Sec. 249 of the I & N Act
☐ Sec. 1 of the Act of 11/2/66
☐ Sec. 13 of the Act of 9/11/57
☐ Sec. 214 (d) of the I & N Act

☐ Other law (Specify) _____

As of _____ (Month)  (Day)  (Year) _____ at   HLG

PORT OF ENTRY FOR PERMANENT RESIDENCE

Class of admission (Insert Symbol) ____   IR-6

**REMARKS**

| RECOMMENDED BY: (Immigration Officer) Rene Moreno | (Date) OCT 19 1988 | DATE OF ACTION DD DISTRICT | APPROVED INS DISTRICT DIRECTOR OCT 19 1988 Rene Moreno HLG  1402 |
|---|---|---|---|

## FOR USE BY VISA CONTROL OFFICE

Date _____

Foreign State _____

Preference Category _____

Number _____

Month of Issuance _____

Signed _____
(Visa Office, Dept. of State)

CC: Page 2 Master Index copy sent on ___ 7/22/88

CC: Page 3 ADIT and Statistical report copy sent on _____

Form I- 181 (Rev.3-1-83) N

## 1. FILE COPY



Case 1:01-cv-00040   Document 2   Filed in TXSD on 05/07/2001   Page 10 of 31

CERTIFIED COPY

# IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the     JULY

Tenn, A. D. 19 97 of the     **197TH** JUDICIAL DISTRICT     in and for

said County, upon their oaths in said Court, present that     TOMAS HERNANDEZ SANCHEZ

hereinafter called Defendant ,

on or about the     **12TH**     , day of     **JULY**     A. D One Thousand Nine

Hundred and     **NINETY-SEVEN**     and anterior to the presentment of this indictment, in the County of

Cameron and State of Texas, did then and there unlawfully     , operate a motor vehicle in a

public place while intoxicated due to the Defendant not having the

normal use of mental or physical faculties by reason of the

introduction of alcohol or a controlled substance or drugs or a

combination of two or more of those substances into the body, or due to

the Defendant having an alcohol concentration of .10 or more;

AND THE GRAND JURORS FURTHER PRESENT that before the commission of the

above offense, the Defendant had been convicted two or more times of

the offense of driving a motor vehicle while intoxicated, as follows:

1. On the 20th day of October, 1993, in Cause
   Number 93-CCR-0004096-B in the County Court at
   Law No. 2 of Cameron County, Texas; styled
   State of Texas v. Tomas Hernandez Sanchez

2. On the 31st day of July, 1989, in Cause Number
   89-CCR-0004035-A in the County Court at Law No.
   1 of Cameron County, Texas; styled State of
   Texas v. Tomas Hernandez Sanchez;

3. On the 6th day of June, 1989, in Cause Number
   89-CCR-0002278-B in the County Court at Law No.
   2 of Cameron County, Texas; styled State of
   Texas v. Tomas Hernandez Sanchez;



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
Brenda M. Garcia DEPUTY

against the peace and dignity of the State.

Foreman of the Grand Jury

97-CR-1639-E

Case 1:01-cv-00040    Document 2    Filed in TXSD on 05/07/2001    Page 11 of 31

# THE STATE OF TEXAS
## COUNTY OF CAMERON

I, AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the within and fore-going is a true and correct copy of the Original Bill of Indictment, filed in said Court on _____

_____ A. D. 19____ in Cause No. _____ styled the State of Texas vs. _____

Given under my hand and seal of said court, at office in Brownsville, Texas, this _____ day of _____ A. D. 19____

AURORA DE LA GARZA , Clerk

By _____ Deputy

---

97-CR-1639-E

THE STATE OF TEXAS

vs.

TOMAS HERNANDEZ SANCHEZ

ID# 39715

# INDICTMENT

OFFENSE:

DRIVING WHILE INTOXICATED
(TWO OR MORE PRIORS)

YOLANDA DE LEON
Criminal County Attorney

A TRUE BILL.

_____
Foreman of Grand Jury

Filed on DEC 19 1997

AURORA DE LA GARZA, CLERK OF
DISTRICT COURTS OF CAMERON
COUNTY, TEXAS

By _____ 19____
_____ Deputy

Amount of Bail $ 15,000.00

NAMES OF WITNESSES

CERTIFIED COPY

CAUSE NO. 97-CR-1639-E

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| TOMAS HERNANDEZ SANCHEZ | § | 357TH JUDICIAL DISTRICT |

## JUDGMENT OF CONVICTION
### SENTENCE SUSPENDED;
### PLACEMENT ON COMMUNITY SUPERVISION

Judge Presiding: Rogelio Valdez               Date of Judgment: 05-12-98

State's                                        Defendant's
Attorney:   Robert Moore                       Attorney: Rick Canales

Offense                                        Date of
Convicted of: DWI (2 or more priors)           Conviction:   05-08-98

Degree Of                                      Date Offense
Offense:      3rd degree felony                Committed: 07-12-97

Charging Instrument: Indictment

Plea to Court: Guilty                          Verdict of Court: Guilty

Term of Plea Agreement (In Detail): 10/10

Plea to Enhancement: N/A                       Findings on Enhancement: N/A

Finding on Special Issue (In Detail): N/A

Date Sentence Suspended:     05-08-98          Costs: $124.50

Sentence of Confinement
or Imprisonment:           Ten (10) years TDCJ-ID     Fine:   $1,000.00

Period of Supervision:     Ten (10) years      Date to Commence: 05-08-98

This sentence is to be served concurrent with any other sentence unless otherwise specified:  N/A

On the date stated above, the above numbered and entitled cause was reached and called

for trial, and the State appeared by the attorney stated above, and the Defendant and the

Defendant's attorney were also present.  Thereupon, both sides announced ready for trial, and the

Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to **Driving While Intoxicated (two or more priors)**. Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense stated above, and, the Court having reviewed the pre-sentence investigation report, the punishment is assessed by the Court at **Ten (10) Years** in the Texas Department of Criminal Justice, Institutional Division, and the State of Texas do have and recover of said Defendant all court costs in this prosecution expended for which execution will issue.

However, the Court, after due consideration, is of the opinion and so finds that the ends of justice and the best interests of the public and the Defendant will be subserved if the imposition of the sentence in this cause be suspended and the Defendant is placed on community supervision under the direction of this Court.

IT IS, THEREFORE, ORDERED by the Court that the imposition of the sentence of **Ten (10) Years** in the Texas Department of Criminal Justice, Institutional Division in this cause is hereby suspended, and the Defendant is placed on community supervision for **Ten (10) Years,** subject to the conditions of supervision imposed by the Court and served on the Defendant.

(a) Commit no offense against the laws of this State or any other State or of the United States;

(b) Avoid injurious or vicious habits;

(c) Avoid persons or places of disreputable or harmful character;

(d) Report to the Probation Officer at the Probation Office monthly between the second Monday and the following Friday of each month;

(e) Report to the Probation Officer (in addition to the reporting) required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Probation Officer;

(f) Permit the Probation Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g) Work faithfully at suitable employment as far as possible;

(h) Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the Court to leave the county and filed it in the papers of this cause;

(i) Pay fine in the amount of $1,000.00 within ten (10) years after the date of entry of this Judgment;

(j) Pay court costs in the sum of $124.50 within six (6) months after the date of entry of this Judgment;

(k) Pay a community supervision fee of $40.00 per month every month of the supervision period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $4,800.00 shall have been paid;

(l) Pay the Community Supervision and Corrections Department $300.00 reimbursement for Pre-Sentence Investigation conducted, payable at the rate of $10.00 per month after the date of entry of this judgment;

(m)    Support defendant's legal dependents;

(n)    Serve 30 days in the Cameron County jail on weekends, commencing Friday, May 8, 1998 at 600 p.m. and to be released on Sundays at 6:00 p.m. and to continue reporting every Friday thereafter until sentence has been satisfied;

(o)    File with the Supervision Officer at the Community Supervision and Corrections Department between the first and tenth day of every month next following a default in any payment required of defendant by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the defendant during the entire month in which the default occurred.

(p)    File with the Supervision Officer at the Community Supervision and Corrections Department between the first and tenth day of every month next following a calendar month in which defendant was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by defendant to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(q)    Within ten (10) days after the event, report in writing to the Supervision Officer any arrest of defendant and/or criminal charge filed against defendant.

By the term "the Supervision Officer" as used herein is meant any Cameron County Supervision Officer; by the term "Community Supervision and Corrections Department is meant the Cameron County Community Supervision and Corrections Department, First Floor, Cameron County Courthouse, Brownsville, Texas.

All payment required of defendant by this Judgment shall be paid within the time specified at the Community Supervision and Corrections Department to the Supervision Officer for which defendant shall receive the Supervision Officer's sequentially numbered receipt evidencing payment.

All payments received under this Judgment shall be forthwith deposited by the Supervision Officer in the Cameron County Community Supervision and Corrections Department Trust Fund (previously referred to as the Cameron County Adult Probation Trust Fund) in the County Depository and thereafter disbursed in accordance with the District Courts' Order of March 21, 1975, recorded in Volume 63, Page 284-A, of the Minutes of this Court. Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

1.    to the District Clerk of Cameron County, Texas for court costs

in the amount of $124.50;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis. All other payments made under this Judgment shall wait further written order of the Court as per the District Courts' Order of March 21, 1975.

This Court reserves all rights vested in it by law to control by its further orders, the modification and termination of the provisions of the community supervision hereinabove set out, its jurisdiction being thereby expressly reserved until the satisfactory fulfillment of the conditions of said community supervision.

It is further ordered in accordance with and under the authority of 6687b Sec. 24(D)(2)

V.A.T.C. that the driver's license and operating privileges of the Defendant, **Tomas Hernandez**

**Sanchez**, be and they are hereby suspended for a period of **one (1) year** and that such suspension

shall begain on the **8th day of May, 1998** and end on the **8th day of May, 1999.**

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

SIGNED FOR ENTRY: May 12, 1998.

_____
Judge Presiding

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____ DEPUTY

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA, DIST. CLERK
MAY 1 9 1998
DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ DEPUTY



CutePDF - www.twino.com

**U.S. Department of Justice**
Immigration and Naturalization Service



**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No:  A29 576 240

In the Matter of:

Respondent: SANCHEZ-Hernandez, Tomas

Port Isabel Service Processing Center     Rt. 3 Box 341     Los Fresnos, Tx  78566
(Number, street, city, state and ZIP code)

currently residing at:
(956) 233-4431
(Area code and phone number)

- ☐ 1. You are an arriving alien.
- ☐ 2. You are an alien present in the United States who has not been admitted or paroled.
- ☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. **You are not a citizen or national of the United States;**
2. **You are a native of Mexico and a citizen of Mexico;**
3. **You were admitted to the United States as a visitor on or about July 01, 1988;**
4. **On October 10, 1988, your status was adjusted to that of a permanent resident under section 245 of the Immigration and Nationality Act (INA Act);**
5. **You were, on May 12, 1998, convicted in the 197th Judicial District Court of Cameron County for the FELONY OFFENSE OF DRIVING A MOTOR VEHICLE WHILE INTOXICATED with three prior convictions, in violation of the Texas Penal Code;**
6. **For that offense, you were sentenced to serve ten years incarceration.**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision (s) of law:

**Section 237 (a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, to wit: CRIME OF VIOLENCE.**

- ☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

- ☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
Executive Office for Immigration Review  201 E. Jackson, Harlingen, TX 78550
(Complete Address of Immigration Court, Including Room Number, if any)

on  **TO BE SET**  at  **TO BE SET**  to show why you should not be removed from the United States based on the
(Date)          (Time)
charge(s) set forth above.

_Meredith Diaz_
Acting Assistant District Director for Investigations
(Signature and Title of Issuing Officer)

Date:  August 18, 1998

Harlingen, Texas
(City and State)

**See reverse for important information**

NTA to ECLR
4/7/09

Form I-862 (Rev. 4-1-97)

CSMPDF.com · www.fesite.com

# Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so chose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at not cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have the right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If
you do not submit Form EOIR-33 and do not otherwise provide and address at which you may be reached during proceedings then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

(Signature of Respondent)

Date: _____

(Signature and Title of INS Officer)

---

## Certificate of Service

This Notice to Appear was served on the respondent by me on **08/27/98** , in the following manner and in
(date)

compliance with section 239(a)(1)(F) of the Act:

☒ in person ☐ by certified mail, return receipt requested ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the **Spanish** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)

Form I-862(Rev 4-1-97)



IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

In the Matter of

SANCHEZ-HERNANDEZ, TOMAS
     Respondent

Case No.: A29-576-240

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 8, 1999.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to
MEXICO or in the alternative to

[ ] Respondent's application for voluntary departure was denied and
respondent was ordered removed to MEXICO or in the
alternative to

[ ] Respondent's application for voluntary departure was granted until
upon posting a bond in the amount of $ _____
with an alternate order of removal to MEXICO.

[ ] Respondent's application for asylum was ( )granted  ( )denied
( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted
( )denied  ( )withdrawn.

[X] Respondent's application for cancellation of removal under section
240A(a) was ( )granted  (X)denied  ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted
under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
( ) denied  ( ) withdrawn.  If granted, it was ordered that the
respondent be issued all appropriate documents necessary to give
effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was
( )granted  ( )denied  ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section _____
of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it
was ordered that respondent be issued all appropriate documents necessary
to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper
notice.

[X] Respondent was advised of the limitation on discretionary relief for
failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: _____.

Date:  Jul 8, 1999
Appeal: RESERVED   Appeal Due By: Aug 9, 1999

DAVID AYALA
Immigration Judge

JGC



CVisPDF - www.fastio.com

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Harlingen, Texas

File No.:  A 29 576 240                    July 8, 1999

In the Matter of              )
                              )
TOMAS SANCHEZ-HERNANDEZ       )     IN REMOVAL PROCEEDINGS
                              )
          Respondent          )

CHARGE:       Section 237(a)(2)(A)(iii), Immigration and
              Nationality Act – convicted of an aggravated
              felony, to wit: crime of violence.

APPLICATIONS: Section 240A, Immigration and Nationality Act –
              cancellation of removal.

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Margarita Moreno                  Cheri L. Jones, Attorney
South Texas Immigration Counsel   Immigration and Naturalization
107 North Third Street              Service
Harlingen, Texas 78550            P.O. Box 1711
                                  Harlingen, Texas 78551

ORAL DECISION OF THE IMMIGRATION JUDGE

Removal proceedings were commenced against the respondent
with the issuance of a Notice to Appear dated August 18, 1998.
See Exhibit No. 1.  Assisted by counsel, the respondent admitted
the factual allegations therein but denied that he is subject to
being removed from the United States for having been convicted of
an aggravated felony as defined in Section 101(a)(43)(F) of the
Immigration and Nationality Act, to wit: a crime of violence.

The Immigration and Naturalization Service has offered to
the Court, and without objections, was received into evidence,
Exhibits 2, 3, 4, and 5.

1

Exhibit 2 establishes the identity of the respondent in that he was admitted into the United States as a visitor and subsequently adjusted his status pursuant to Section 245 of the Immigration and Nationality Act.

Exhibits 3 and 4 establish that the respondent was indicted and subsequently convicted on May 12, 1998, in the 107th Judicial District Court of Cameron County, for the felony offense of driving a motor vehicle while intoxicated with other prior convictions in violation of the Texas Penal Code. Reviewing Exhibit No. 4, it shows that the respondent was sentenced to ten years imprisonment. The sentence was suspended. Separate and apart from any admissions the respondent may have made, the Court finds that all of the allegations of fact stated in the Notice to Appear have been established by the Immigration and Naturalization Service by and through Exhibits 2, 3, and 4.

The Court finds in reviewing the aforementioned exhibits, and Exhibit No. 5 which is the law for driving while intoxicated in the State of Texas, that the respondent has been convicted of an aggravated felony and that the conviction is for a crime of violence in reviewing the Texas statute.

In determining whether a particular offense is a crime of violence under the definition in Title 18 U.S.C. Section 16, the Board of Immigration Appeals has held that either the elements of the offense must be such that physical force is an element of the crime or that the nature of the crime, as evidenced by the

A 29 576 240                        2                    July 8, 1999

CAMPDF - www.fenlio.com

generic elements of the offense, must be such that its commission ordinarily would present a risk that physical force would be used against the person or property of another, irrespective of whether the risk develops or harm actually occurs. This approach does not extend to considerations of the underlying facts of the conviction. Consequently, for the respondent's crime to fall within the purviews of Title 18 U.S.C. Section 16(b), it must be an offense for which the nature of the crime involves a substantial risk that physical force may be used against the person or property of another during the commission of the offense; in other words, the crime must have the potential of resulting in harm. Taking into consideration the Texas statute Chapter 49, Section 49.04 and Section 49.09(b), the Court finds that the violation of this offense is a crime of violence because a violation would have the potential of resulting in harm to person or property.

The Court has also taken into consideration the holding by the Board of Immigration Appeals in <u>Matter of Magallanes</u>, Int. Dec. 3341 (BIA 1998), wherein the Board found that a violation of the Arizona statute for driving while intoxicated was an aggravated felony because the violation of the statute was a crime of violence. Although the respondent argues otherwise as stated in his brief, the Court is not convinced.

The Court finds that in the evidence presented by the Government, without the necessity of taking into consideration

A 29 576 240                    3                    July 8, 1999

any pleading by the respondent, that removability has been established by evidence that is clear and convincing.  The Court finds that the respondent has been convicted of aggravated felony, to wit: a crime of violence.

The respondent had designated Mexico for removal.

The respondent has tendered to the Court an application for cancellation of removal pursuant to Section 240A(a).  In order to qualify statutorily for such relief, the respondent must show that he has not been convicted of an aggravated felony.  The Court in the case at bar has found that the conviction making the basis of his removal proceedings is a conviction for an aggravated felony.  Thus, the Court finds that the respondent cannot show that he is statutorily eligible for the relief that he seeks.  Because the Court has found that he is statutorily ineligible for the relief that he seeks, it is not necessary to go into discretionary factors on the issue.

<u>ORDER</u>

IT IS THE ORDER of the Court that the respondent's application for cancellation of removal be denied.

IT IS THE ORDER of the Court that the respondent be removed from the United States to his native country of Mexico.

Dated this 8th day of July 1999.

DAVID AYALA
Immigration Judge

A 29 576 240                    4                    July 8, 1999



CVisPDF – www.fasiso.com

**U.S. Department of Justice**                          Decision of the Board of Immigration Appeals

Executive Office for Immigration Review

Falls Church, Virginia  22041

================================================================================

File:   A29 576 240 - Harlingen                          Date:

In re:  <u>SANCHEZ</u>-HERNANDEZ, TOMAS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:     Micaela Alvarez

CHARGE:

Notice:   Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] –
                  Convicted of aggravated felony

On July 8, 1999, the Immigration Judge found the respondent deportable as charged under sections 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), and ordered him removed from the United States to Mexico. The respondent subsequently filed this timely appeal. The appeal will be dismissed.

The record reflects that the respondent, a citizen of Mexico, was admitted to the United States as a visitor in 1988, and subsequently adjusted his status to that of a lawful permanent resident on October 10, 1988. (Exh. 2). On May 12, 1998, the respondent was convicted in the 197th District Court in Cameron County, Texas, of the offense of Driving While Intoxicated (2 or more priors) in violation of section 49.09 of the Texas Penal Code. For this offense, the respondent was sentenced to 10 years imprisonment. (Exh. 3, 4, 5). As a result of this conviction, the Immigration and Naturalization Service ("Service") personally served the respondent with a Notice to Appear (Form I-862) on August 27, 1998, and charged the respondent with deportability as an aggravated felony under section 237(A)(2)(A)(iii) of the Act. (Exh. 1)

In proceedings before an Immigration Judge, the respondent, through counsel, admitted the allegations contained in the Notice to Appear, but he denied deportability under section 237(a)(2)(A)(iii) of the Act (Tr. at 6). The Immigration Judge determined that the respondent's 1998 conviction for driving while intoxicated (2 or more priors) was a crime of violence, and thus, an aggravated felony. As a result, the

A29 576 240

Immigration Judge concluded that the respondent was deportable as charged and ordered the respondent removed from the United States to Mexico.

On appeal, the respondent challenges his deportability under section 237(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony. The respondent requests an opportunity to apply for a waiver of inadmissibility under section 212(c) of the Act. In response, the Service requests that the Board uphold the determination of the Immigration Judge and dismiss the respondent's appeal.

During the pendency of the respondent's appeal, we have held that a conviction for the crime of driving while intoxicated under section 49.09 of the Texas Penal Code, which is a felony as a result of an enhanced punishment, is a conviction for a crime of violence and therefore an aggravated felony under section 101(a)(43)(F) of the Act. *Matter of Puente*, Interim Decision 3412 (BIA 1999). We therefore conclude that the respondent's conviction constitutes a crime of violence and therefore an aggravated felony under section 101(a)(43)(F) of the Act.

Finally, we find no merit to the respondent's claim that he is eligible for a waiver of inadmissibility pursuant to section 212(c) of the Act. In removal proceedings a waiver of inadmissibility under section 212(c) is not a form of relief that is available. *See* section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 ("IIRIRA"). Therefore, we will not address the respondent's arguments regarding section 212(c) relief. Additionally, the respondent is ineligible for cancellation of removal as he has been convicted of an aggravated felony. *See* 240A(a)(3) of the Act, 8 U.S.C. § 1229b(a)(3). Accordingly, we will dismiss the respondent's appeal.

ORDER:   The appeal is dismissed.

FOR THE BOARD



**U.S. Department of Justice**

Executive Office for Immigration Review
*Board of Immigration Appeals*
*Office of the Clerk*

---

P.O. Box 8530
5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

ALVAREZ, MICAELA
845 E. 13TH ST.,
BROWNSVILLE, TX 78520-0000

Office of the District Counsel/HL
P.O. Box 1711
Harlingen, TX 78551

February 7, 2001

<u>SANCHEZ-HERNANDEZ, TOMAS</u>
A#: 29-576-240

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:

**FILPPU, LAURI S.**
**MATHON, LAUREN R.**
**VILLAGELIU, GUS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EX PARTE                                    )
                                            )      Civil Action No. B-01-040
TOMAS SANCHEZ-HERNANDEZ                      )
_____      )

## **ORDER**

Upon consideration of the arguments of Petitioner and Respondent, the Court finds that

Respondent's motion to dismiss should be granted.

It is therefore

ORDERED, ADJUDGED AND DECREED that the petition for habeas corpus is dismissed.

This is a final Order.

Done this _____ day of _____, 2001, in Brownsville, Texas.


                                    _____
                                    UNITED STATES DISTRICT JUDGE